Leile MONDAY,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and V.A. Medical Center,
*Respondents.*

(EAB No. 96-AB-541; CA A93157)

949 P2d 1224

Jonathan M. Radmacher and McEwen, Gisvold, Rankin, Carter & Streinz, LLP, for petition.

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, for response.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

**DEITS, C. J.**

Claimant moves for reconsideration of our opinion that reversed and remanded to the Employment Appeals Board (EAB) its decision denying claimant benefits after she was discharged. *Monday v. Employment Dept.*, 148 Or App 522, 941 P2d 563 (1997). Claimant requests that we modify our factual recitation regarding the administrative law judge's (ALJ) and EAB's findings. She also requests that we reconsider our decision to deny costs to claimant. We allow reconsideration, modify the opinion and adhere to it as modified.

Claimant asserts that our recitation of the findings of the ALJ and EAB does not indicate that the ALJ and EAB found that claimant did not violate her last chance agreement by not reporting to work on February 27, 1995. In our opinion, we stated that the ALJ found that "claimant violated her last chance agreement by not reporting to work on February 27 and by reporting to work late on February 28." 148 Or App at 525. In the next paragraph, we stated that "EAB found that claimant was ill on February 27. However, it also found that claimant had been late for work without permission on February 28." *Id.* at 526. We agree with claimant that we need to clarify that EAB found that claimant's absence on February 27 did not violate employer's attendance policy and, consequently, her last chance agreement. Accordingly, we modify the above-mentioned sentences from page 526 to state:

> "However, EAB found that claimant was ill on February 27 and that, because she submitted a doctor's note for her illness, her absence did not violate the employer's attendance policy nor her last chance agreement. It also found, however, that claimant had been late for work without permission on February 28."

We decline to reconsider our decision as to costs.

Reconsideration allowed; opinion modified and adhered to as modified.